UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

LOUIS BROWN,

Defendant.

18 Cr. 390 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received an application from defendant Louis Brown seeking compassionate release from FCI Danbury, pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents to his health. For the reasons that follow, the Court grants Brown's motion.

Brown was involved with a large-scale drug trafficking conspiracy between 2017 and 2018, selling heroin, mixed with fentanyl, as a street-level dealer. *See* Dkt. 410 ("Sentencing Tr.") at 17. On January 25, 2019, Brown pled guilty to one count of conspiracy to distribute heroin and fentanyl in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Dkt. 404. On July 25, 2019, the Court sentenced Brown to a below-guidelines sentence of 66 months' imprisonment, to be followed by four years' supervised release. *See* Sentencing Tr. at 28. Brown has been in custody since June 5, 2018. *See* Dkt. 452 ("Def. Mem.") at 5. His estimated release date is February 12, 2023. *Id.*

On May 26, 2020, the Court received a *pro se* letter motion from Brown, seeking a modification of his sentence based on the COVID-19 pandemic. *See* Dkt. 443 ("First *Pro Se* Br."). The Court directed Brown's trial counsel to file a supplemental brief in support of this

application, and the Government to file a response. *Id.* The same day, the Court also received a supplemental letter from Brown. *See* Dkt. 444 ("Second *Pro Se* Br."). On June 4, 2020, Brown's counsel filed a supplemental memorandum of law in support of Brown's application. Def. Mem. On June 9, 2020, the Government filed its letter in opposition. Dkt. 464 ("Gov't Opp'n"). On June 10, 2020, Brown's counsel filed a reply. Dkt. 462 ("Def. Reply").

Brown argues that his advanced age, serious medical conditions, and race heighten his vulnerability to COVID-19. Def. Mem. at 2. The Government, in opposing Brown's motion, notes that Brown has yet to serve the majority of his sentence and that his offense was serious. *See* Gov't Opp'n at 4. It argues that he remains a threat to the community and that he has not proposed an adequate post-release plan to ensure his safety and minimize the chances that he will recidivate. *See id.*[1]

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)). Relevant here,

---

[1] The Government does not contend that Brown has failed to exhaust his administrative remedies.

the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[2]  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement.  *Id.* § 1B1.13(2)–(3).

Brown argues that the first of these factors favors his early release.  The COVID-19 pandemic is indeed extraordinary and unprecedented in modern times in this nation.  It presents a clear and present danger to free society for reasons that need no elaboration.  And the crowded nature of jails and prisons presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread.[3]  Recognizing that the realities of life as an inmate present added challenges for a heightened-risk inmate who contracts the virus to care for himself, in the past few months numerous courts, including this one, have ordered the temporary release of inmates held in

---

[2] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *Ebbers*, 432 F. Supp. 3d at 421–22, 427.

[3] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020, updated May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences.[4]

Brown argues that he is especially vulnerable to the most serious effects of COVID-19 because he is 65 years old, African American, and has a host of medical conditions including HIV, Hepatitis C, hypertension, and partial paralysis from a past stroke. Def. Mem. at 2. Brown's serious medical conditions, compounded by his age, indeed distinguish him from the vast majority of defendants who have sought compassionate release before this Court. And the Government, to its credit, forthrightly recognizes that Brown is at a significantly heightened risk of complications from COVID-19 compared to the average inmate at FCI Danbury and "has proffered a basis for the Court to find that extraordinary and compelling reasons for release exist within the meaning of [§] 3582(c)." Gov't Opp'n at 4. The Government bases its opposition to compassionate release instead on arguments that (1) Brown continues to present a danger to the community and (2) Brown's release at this stage in his term of imprisonment would be inconsistent with the § 3553(a) factors. *Id.* at 11–18. The Court holds with Brown on these points.

---

[4] *See, e.g.*, *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a 4-month sentence); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), 2020 WL 1684062 (S.D.N.Y. April 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence and was scheduled for release in four months); *United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application, pursuant to § 3142(i), of 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19").

The Court is satisfied that Brown presents a relatively minimal "danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), and no more so now than he would pose upon his scheduled release in February 2023. To be sure, Brown participated in a serious heroin- and fentanyl-trafficking conspiracy. But he played a low-level role, as a street seller, and the evidence was convincing that his participation was motivated by his desire to fund the deep heroin addiction that has plagued Brown for much of his adult life. *See, e.g.*, Sentencing Tr. at 23. Indeed, the Court at sentencing described the crime and Brown's addiction as "inseparable," noting that Brown was using the very same product he was selling to others. *Id.* at 25–26. And while Brown has a long criminal record, his crimes overwhelmingly consist of street level drug sales to fund his habit. *Id.* at 20. Brown does not have a history of violence or of gun usage or possession, *see id.* at 20, 27, and given his visible frailty, it is all the less likely that Brown would embark on such conduct. As the Court noted at sentencing, Brown's frail health raises "a fair question whether . . . the Louis Brown who is eventually released from prison will have whatever limited energy or physical health or initiative as need to pedal drugs or otherwise endanger the public." *Id.* at 26. The Court therefore concludes that Brown's release would not unduly endanger the community.

The Court next considers the § 3553(a) factors. Two factors relevant here in light of the COVID-19 pandemic are the "history and characteristics of the defendant," and "the need to provide the defendant with needed . . . medical care." 18 U.S.C. § 3553(a). These factors clearly favor Brown's early release in light of the pandemic for the reasons discussed above. The Government rightly notes that Brown has only served 24 months of the 66-month sentence that it found necessary at sentencing. It is true that the Court has been disinclined to grant compassionate release to defendants who have served less than half of their sentence, viewing

such consequential reductions in sentence as incompatible with other § 3553(a) factors, including that the sentence reflect just punishment and protect the public.[5] But in Brown's case, given his unusual vulnerability to COVID-19 even within the universe of inmates at heightened risk, the § 3553(a) factors advanced by Brown's release take on outsize importance. There is too great a risk to Brown that has continued incarceration in the face of the pandemic could function as a death sentence. Given the outsize risk to Brown presented by the pandemic, and the Court's judgment that he does not present a meaningful danger to the public, the Court concludes that in this unusual case the § 3553(a) factors will be served, and a just sentence imposed, by granting compassionate release, thus enabling Brown to begin serving a term of supervised release under the close supervision of the Probation Department. In analogous circumstances, other judges have also granted compassionate release.[6]

The Government raises a final objection: that Brown has failed to present a detailed reentry plan that provides him with maximum stability upon his release, thereby minimizing his

---

[5] *See, e.g.*, *United States v. Denard Butler*, No. 18 Cr. 834 (PAE), Dkt. 461 (S.D.N.Y. Apr. 7, 2020) (denying compassionate release motion for recently sentenced defendant with asthma and a cardiac condition who had served 15 months of 60-month sentence); *United States v. Credidio*, No. 19 Cr. 111 (PAE), Dkt. 62 (S.D.N.Y. Mar. 30, 2020) (for similar reasons, denying compassionate release motion for an elderly defendant who had served just two months of a 33-month sentence); *United States v. Nissen*, No. 17 Cr. 477 (PAE), 2020 WL 2614825, at *3 (S.D.N.Y. May 22, 2020) (denying compassionate release motion for defendant in generally good health who had served 7 months of a 27-month sentence).

[6] *See, e.g.*, *United States v. Scparta*, No. 18 Cr. 578 (AJN), 2020 WL 1910481, at *8–9 (S.D.N.Y. Apr. 20, 2020) (granting compassionate release motion for 55-year-old defendant with hypertension and other conditions who had served a little over half his sentence); *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *4–5 (S.D.N.Y. Apr. 13, 2020) (granting compassionate release motion for 62-year-old high-risk defendant who is not a danger to society); *United States v. Zuckerman*, No. 16 Cr. 194 (AT), 2020 WL 1659880, at *5–6 (S.D.N.Y. Apr. 3, 2020) (granting compassionate release motion for 75-year-old defendant with health issues); *see also United States v. Delgado*, No. 3:18 Cr. 17 (VAB), 2020 WL 2464685, at *3–4, 6 (D. Conn Apr. 30, 2020) (granting compassionate release motion for high-risk defendant who had completed 29 months of a 120-month sentence).

potential exposure to COVID-19 and reducing the chances that he will recidivate. Gov't Opp'n at 15–16. The Court, sharing this concern, directed defense counsel to work with the Probation Department to develop a more specific reentry plan for Brown, with a particular focus on safe and stable housing in the immediate period after his anticipated release. *See* Dkt. 463. On June 16, 2020, defense counsel submitted a letter reporting that the Probation Department has secured housing for Brown. Dkt. 470. The Court is satisfied that such housing, together with the support of the Probation Department, including but not limited to drug treatment, will give Brown a viable chance of lawful and successful reintegration into society.

Accordingly, for the foregoing reasons, the Court grants Brown's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court specifically approves the Probation Department's release plan for Brown, directs the Government to coordinate with the BOP and the Probation Department to ensure Brown's release forthwith, and stands ready to issue any further orders necessary to implement Brown's release.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: June 17, 2020
        New York, New York